# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUMMIT TOOL COMPANY d/b/a KEN-TOOL, | ) ) ) | CASE NO. 5:20-cv-1182 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| XINKONG USA INC., | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff, Summit Tool Company d/b/a Ken-Tool ("Ken-Tool"), for an order pursuant to Fed. R. Civ. P. 26(d)(1) authorizing issuance and service of a subpoena *duces tecum* to non-party eBay, Inc. ("eBay"). The motion is unopposed because Ken-Tool has, up to this point, been unable to serve defendant Xinkong USA Inc. ("Xinkong")[1]. To that end, Ken-Tool brought the instant motion because "[t]he discovery sought … is likely to reveal the identity of the person(s) who are direct participants in [Xinkong's] infringement of Ken-Tool's trademark rights and, thus, potential defendants in this action." (Doc. No. 7, motion ["Mot."] at 82.[2]) For the reasons outlined below, good cause exists to warrant expedited discovery in this case.

Pursuant to Rule 26(d), district courts are permitted to authorize discovery prior to the parties' Rule 26(f) conference. Fed. R. Civ. P. 26 (d)(1); *Best v. AT&T, Inc.*, 1:21-cv-

---

[1] Ken-tool filed a motion for, and was recently granted, an order permitting service upon Xinkong pursuant to Cal. Corp. Code § 1702. (Doc. Nos. 6, 8.)

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

0564, 2014 WL 1923149, at *1 (S.D. Ohio May 14, 2014) (citation omitted). Expedited discovery may be permitted upon the moving party's showing of good cause. *Id.* Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, No. 2:07-cv-0450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (citation and quotation marks omitted). In determining whether good cause exists, courts consider several factors such as: "(1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Does 1–20*, No. 1:16-cv-0914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) (citing *Voltage Pictures, LLC v. Does 1–43*, No. 1:13-cv-0465, 2013 WL 1874862, at *6 (N.D. Ohio May 3, 2013)). Good cause is often found in cases involving infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08-cv-0200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). Ultimately, however, the decision of whether to permit expedited discovery rests within the district court's sound discretion. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-0789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009).

Ken-Tool has demonstrated that good cause exists to warrant expedited discovery in this trademark infringement case. Plaintiff has demonstrated that the discovery sought is necessary to learn the identities "of the person(s) who are direct participants in [Xinkong's] infringement of Ken-Tool's trademark rights and, thus, potential defendants in this action." (Mot. at 82.) Furthermore, the requested discovery will substantially

contribute to moving this case forward, particularly because plaintiff has been unable to locate and serve Xinkong through its registered agent. (*See* Doc. Nos. 6, 8.) Finally, the Court finds that the scope of plaintiff's request is appropriate. While plaintiff seeks information beyond what would be necessary to identify and serve its complaint upon the potential defendants, serving one substantially exhaustive subpoena upon non-party eBay, is less burdensome than requiring plaintiff to seek additional information from eBay at a later time. That said, the Court is cognizant that eBay is a non-party and, as such, seeks to minimize the burden associated with Ken-Tool's requested discovery. To that end, plaintiff may seek information from eBay regarding the five requests listed on Exhibit A to the instant motion (*see* Doc. No. 7-1), but eBay is permitted twenty (20) business days—as opposed to the ten business days that Ken-Tool suggests—to produce the requested documents.

       **IT IS SO ORDERED**.

Dated: August 18, 2020

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**